IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES DOUGLAS BRIGHAM,<br>3234 Ewing Street<br>Houston, TX 77004<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF WORKERS<br>COMPENSATION PROGRAMS<br>U.S. Department of Labor<br>Frances Perkins Building<br>200 Constitution Avenue, NW<br>Washington, DC 20210,<br><br>and<br><br>SHELBY HALLMARK, in his official<br>capacity as Director of the OWCP,<br>U.S. Department of Labor<br>Frances Perkins Building<br>200 Constitution Avenue, NW<br>Washington, DC 20210,<br><br>and<br><br>PETER M. TURCIC, in his official capacity<br>as Director of the Energy Employees<br>Occupational Illness Compensation<br>Program,<br>U.S. Department of Labor<br>Frances Perkins Building<br>200 Constitution Avenue, NW<br>Washington, DC 20210,<br><br>Defendants.<br>_____ | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

1. This is an action under the Energy Employees Occupational Illness Compensation Program

Act ("EEOICPA"), 42 U.S.C. §§ 7384, *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, for injunctive and other appropriate relief. This action also seeks the processing and payment of claims presented by Plaintiff under the EEOICPA.

## Jurisdiction and Venue

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-706. Venue lies in this district under 28 U.S.C. § 1391(e).

## Parties

3. Plaintiff James Douglas Brigham is a former employee of Coors Porcelain in Golden, Colorado and a resident of Houston, Texas. He has been diagnosed with Chronic Beryllium Disease ("CBD") as a result of his exposure to beryllium at the Coors Porcelain facility. On February 9, 2002, Mr. Brigham submitted a claim for benefits under the Energy Employees Occupational Illness Compensation Program ("EEOICP"), which is administered by the Office of Workers Compensation Programs ("OWCP") of the United States Department of Labor ("DOL"). On February 20, 2003, the OWCP issued a Final Decision rejecting Mr. Brigham's claim. The OWCP rejected his motion for reconsideration on May 20, 2003. On February 15, 2005, Mr. Brigham filed a civil lawsuit in this Court against the OWCP, Shelby Hallmark, the OWCP director, and Peter M. Turcic, the EEOICP director. *Brigham v. OWCP*, et al., CV 05-0325 (D.D.C. 2005). In that lawsuit, Mr. Brigham sought injunctive relief ordering, among other things, Defendants to reverse their denial of Mr. Brigham's claim and award him benefits due under the EEOICP. In response to the filing of Mr. Brigham's lawsuit, on April 8, 2005, Mr. Turcic issued a "Director's Order" vacating the February 20, 2003 "Final Decision" and reopening Mr. Brigham's EEOICP administrative claim. Mr. Brigham then voluntarily dismissed his civil lawsuit as moot. On April 18, 2006, the OWCP

entered another "Final Decision," again denying Mr. Brigham's claim.

4. Defendant OWCP is the division of the DOL responsible for administering the EEOICP.

5. Defendant Shelby Hallmark is the current director of the OWCP.

6. Defendant Peter M. Turcic is the current director of the EEOICP.

**The Energy Employees Occupational Illness Compensation Program**

7. Congress passed the EEOICPA in 2000 because thousands of workers who have participated in the production of nuclear weapons for the United States since World War II have suffered serious injuries from exposure to both radiation and beryllium. In passing the Act, Congress found that "the civilian men and women who, over the past 50 years, have performed duties uniquely related to the nuclear weapons production and testing programs of the Department of Energy and its predecessor agencies should have efficient, uniform, and adequate compensation for beryllium-related health conditions and radiation-related health conditions." 42 U.S.C. § 7384(a)(8).

8. To provide compensation for those injured by exposure to radiation and beryllium in the production of nuclear weapons, Congress established a compensation fund to be administered by the OWCP and appropriated $250 million from the United States Treasury for that purpose. 42 U.S.C. § 7384g. Congress also established criteria for eligibility under the EEOICP and defined the available benefits for qualifying claimants.

9. Under the EEOICP, "covered beryllium employees" who have been "exposed to beryllium in the performance of duty" and who have developed CBD are entitled to a lump sum payment of $150,000, plus lifetime medical benefits for treatment of their CBD. *See* 42 U.S.C. §§ 7384l(7) (defining "covered beryllium employee"), 7384n (defining "exposure in the performance of duty"), and 7384s (establishing compensation and other benefits).

10. Under the EEOICPA, a "covered beryllium employee" is any employee of the United States Department of Energy ("DOE"), or any employee of a DOE contractor or beryllium vendor, who worked "during a period when the vendor was engaged in activities related to the production or processing of beryllium for sale to, or use by, the Department of Energy." 42 U.S.C. §7384l(7).

### Plaintiffs' Injuries and Claims for EEOICP Benefits

11. Mr. Brigham has been diagnosed with CBD, as that disease is defined under the EEOICP, 42 U.S.C. §7384l(13), by Dr. Lee Newman of the National Jewish Medical Center in Denver, Colorado. Dr. Newman is the world's leading expert on CBD and the author of dozens of published articles about the disease. After medical examination of Plaintiff and review of his occupational history, Dr. Newman concluded that Mr. Brigham developed CBD from exposure to residual beryllium contamination at the Coors Porcelain facility.

12. The Coors Porcelain facility in Golden, Colorado is a "beryllium vendor" under the EEOICP, and the DOE contracted with Coors Porcelain for production of beryllium-containing materials from 1947 through 1975. Mr. Brigham worked at the facility from 1983 through 1995. Although Mr. Brigham was not employed at the facility when the DOE's production contract for beryllium processing at Coors Porcelain terminated in 1975, Mr. Brigham has had no opportunities for exposure to beryllium other than his work at Coors Porcelain.

13. In 1985, while Mr. Brigham was employed at the facility, Coors Porcelain undertook formal remediation efforts to clean up residual beryllium that remained from its production contracts with the DOE.

14. Defendants OWCP, Hallmark, and Turcic denied Plaintiff's claims for EEOICP benefits on the sole basis that Mr. Brigham was not a "covered beryllium employee," because he did not work

at the Coors Porcelain facility when Coors Porcelain was actively processing and producing beryllium-related materials for the United States government.

15. Plaintiff alleges that Coors Porcelain's formal and informal efforts to remediate residual beryllium contamination created during its DOE production contracts were "activities related to the production or processing of beryllium for sale to, or use by, the Department of Energy." 42 U.S.C. § 7384l(7). Because Mr. Brigham was employed at Coors Porcelain during these remediation activities, he is a "covered beryllium employee" under the EEOICP.

## Cause of Action - Wrongful Denial of Plaintiffs' Claims for Benefits Under the EEOICP

16. Plaintiff realleges and incorporates paragraphs 1-15, *supra*.

17. Defendants' wrongful denial of Plaintiff's claim for benefits under the EEOICP is reviewable by this Court under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 704-706. Because Mr. Brigham is a "covered beryllium employee" as Congress defined that term in the EEOICP, Defendants' decision to deny Plaintiff's claim was not in accordance with law under 5 U.S.C. § 706(2)(A).

## Requested Relief

Plaintiff prays that this Court:

A. Declare that remediation of residual beryllium contamination remaining from processing activities undertaken for the DOE is an "activit[y] related to the production or processing of beryllium for sale to, or use by, the Department of Energy" under 42 U.S.C. § 7384l(7);

B. Order Defendants immediately to reverse their denial of Mr. Brigham's claim under

      the EEOICP;

C.     Order Defendants to provide Plaintiff with all medical and compensation benefits to which covered beryllium employees are entitled under the EEOICP, including any past due benefits that he should have received upon initially applying for coverage under the program;

D.     Award Plaintiff's costs, reasonable attorneys' fees, and expenses incurred in this action pursuant to 28 U.S.C. § 2412; and

E.     Grant such other relief as the Court may deem just and proper.

            Respectfully submitted,

_____
Brian Wolfman
D.C. Bar No. 427491
Public Citizen Litigation Group
1600 20th Street, N.W.
Washington, D.C. 20009
(202) 588-1000

Steve Baughman Jensen
Texas Bar No. 00783615
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
(214) 521-3605

Attorneys for Plaintiff

May 23, 2006