# BARON & BUDD

A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS
SUITE 1100
3102 OAK LAWN AVENUE
DALLAS, TEXAS 75219-4281
(214) 521-3605
TELECOPIER (214) 520-1181

FREDERICK M. BARON
RUSSELL W. BUDD (TX & MT)
BRENT M. ROSENTHAL
LISA A. BLUE, PH.D.
MARY E. SKELNIK
STEVEN D. WOLENS
MELISSA K. HUTTS (TX & MO)
STEVE BAUGHMAN JENSEN
ALLEN M. STEWART (TX & PA)
LISA R. KIVETT
LEANNE JACKSON
LAURA BAUGHMAN (TX & NY)
LAURIE J. MEGGESIN
LADD R. GIBKE
ALAN B. RICH (TX & IL)
ELLEN A. PRESBY
SCOTT SUMMY (TX & NC)
MISTY A. FARRIS
KEVIN D. MCHARGUE
JAMES D. PIEL (TX & OK)
S. ANN SAUCER (TX & LA)

LANCE A. POOL (TX & OK)
ALICIA D. BUTLER
JOHN J. SPILLANE
BEN K. DUBOSE
LAWRENCE G. GETTYS (TX & LA)

SPECIAL COUNSEL
CHARLA G. ALDOUS
CARY L. MCDOUGAL

OF COUNSEL
JANICE PENNINGTON (TX & AZ)
FRANK E. GOODRICH
JOHN L. YATES

DIANE M. ANDREW (IL & MO Only)
SAM T. RICHARD (TX & OK)
CHRISTINA E. MANCUSO
SCOTT MORRISON
WESLEY K. YOUNG
STEPHEN C. JOHNSTON

WILLIAM K. TAPSCOTT, JR. (TX, AL & PA)
AMY J. SHAHAN
TAERI OH (TX & LA)
PATRICK O'NEAL (LA Only)
ANDREA S. BOURNE
VIRGINIA ADAMS MARENTETTE
JOYCELL M. HOLLINS (TX & GA)
MARTY A. MORRIS
LAURA M. CABUTTO
SCOTT R. FRIELING
NATALIE F. DUNCAN
CARLA M. BURKE
TIFFANY NEWLIN DICKENSON (TX & MS)
JACQUELINE MONTEJANO
BRIAN P. MIN
REY FERNÁNDEZ
EDMOND L. MARTIN
DONNA J. BLEVINS
STEPHANIE BROOKS LESMES
DAVID T. RITTER
CHRIS J. PANATIER

RENÉE MELANÇON
THERESA NELSON RUCK (KY & OH Only)
D. CARL MONEY (TX & NY)
CELESTE A. EVANGELISTI (TX, CA & NY)
CHAD R. COTTEN
BRIAN K. PEACOCK
ERIN ANDERSON FARRIS
JORY D. LANGE, JR.
CHRIS NIDEL
STEPHEN T. BLACKBURN (TX & CA)
RANDALL K. PULLIAM (AR Only)
JOHN L. LANGDOC (TX & CA)
AMANDA R. TYLER
ROXANNE MCKENZIE LINTON (LA Only)
DAVID VALETUTTO
DENYSE F. CLANCY
RYAN C. LEGGIERO (TX & CO)
BRIE D. SHERWIN
BART DALTON (TX & CA)
DAVID L. GREEN
CLAIRE T. BRIGGS

November 18, 2005

VIA U.S. MAIL, CMRRR
Final Adjudication Branch/DEEOIC
U.S. Department of Labor
P.O. Box 46550
Denver, CO 80201-6550

  Re: Objections to Recommended Decision re: James D. Brigham, No. ▮

To the Final Adjudication Branch:

  I am writing on behalf of my client, James Douglas Brigham, to object to the Recommended Decision issued with respect to his claim on September 28, 2005, by the Denver District Office. Specifically, Mr. Brigham objects to Finding of Fact No. 3, which makes the legal conclusion that Mr. Brigham was "not a covered beryllium vendor employee at Coors Porcelain in Golden, Colorado"; and to the Conclusion of Law that Mr. Brigham is not a "covered beryllium employee" as defined by 42 U.S.C. § 7384l(7)(C); and the further Conclusion that he was not employed during a time that Coors Porcelain was engaged in "activities related to the production or processing of beryllium for sale to, or use by, the DOE."

  The Recommended Decision incorrectly interprets the meaning of 42 U.S.C. § 7384l(7)(C). That provision defines "covered beryllium employee" to encompass employees who work for a beryllium vendor at the time that vendor is engaged in any activity "related to the production or processing of beryllium for sale to, or use by, the DOE." As Mr. Brigham has previously argued on repeated occasions, this language necessarily includes beryllium remediation activities conducted by the vendor as a result of the processing of beryllium for sale to, or use by, the DOE. According to the Recommended Decision, however, any such remediation activities must have been conducted at the direction of the Department of Energy or under contract with that agency to qualify. This is an inventive interpretation nowhere suggested by the language of the statute or any relevant legislative history. The statute plainly indicates that the "activity" in question must be conducted by *the vendor*, not by the DOE. Thus, to the extent the *vendor* – in this instance, Coors Porcelain – undertook remediation efforts relating to the past processing of beryllium for the DOE, then such remediation constitutes an "activity relating to

DEFENDANT'S EXHIBIT B 06-958

November 18, 2005
Page 2

the production or processing of beryllium" for purposes of 42 U.S.C. § 7384l(7)(C). The fact that such remediation was not conducted under contract with the DOE misses the point and is wholly irrelevant to the issue.

    Mr. Brigham has been waiting far too long for this Agency to reach an appropriate decision with respect to his claim. He was forced to file a lawsuit once – rest assured that he will do so again if his claim is again denied. It is my fervent hope that such an unfortunate and unnecessary result will not come to pass.

                                        Sincerely,

                                        Steve Baughman Jensen
                                        Attorney for James D. Brigham