FILED

APR 26 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES DOUGLAS BRIGHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06CV00958 |
| ) | |
| OFFICE OF WORKERS' ) | |
| COMPENSATION PROGRAMS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER FOR REMAND

UPON CONSIDERATION of the parties' joint motion for the remand of this action to the Office of Workers' Compensation Programs (OWCP) of the Department of Labor for further proceedings not inconsistent with the Court's March 14, 2007 Memorandum Order, and after due deliberation, it is hereby

ORDERED that this action be remanded to the OWCP for further proceedings as follows:

1. Within thirty (30) days of the date of this Order, the OWCP shall serve an administrative subpoena on CoorsTek (the current name of Coors Porcelain Inc., plaintiff's former employer), for documents relating to its sales of beryllium to the Department of Energy (DOE) as well as to other customers during the time period that it was selling beryllium to DOE. That subpoena shall provide CoorsTek with thirty (30) days to fully respond.

2. Copies of all documents received by OWCP from CoorsTek shall be made available to plaintiff. In the event that CoorsTek asserts that any of these documents contains trade secret or

proprietary information, each such page shall be marked "Confidential" and plaintiff and his counsel shall agree to utilize such documents only for the purpose of establishing his claim in this action, and to otherwise maintain such documents as confidential. The agreement of the parties to treat such documents as confidential shall not constitute their agreement that such documents are in fact trade secrets or proprietary information. In the event that either party shall seek to file such confidential documents in court, such party shall provide CoorsTek with notice of the party's intent to do so ten days prior to filing such document.

3. Within thirty (30) days of receiving a full and complete response from CoorsTek to its administrative subpoena, OWCP shall provide plaintiff with a Recommended Decision on his claim for compensation under Part B of the Energy Employee Occupational Illness Compensation Program Act of 2000.

4. Within thirty (30) days of receiving the Recommended Decision from OWCP, plaintiff shall serve a response on OWCP, which may include documentary evidence, and expert or fact witness declarations. There will be no oral hearing on plaintiff's claim in this remand proceeding.

5. Within sixty (60) days of receiving plaintiff's response to its Recommended Decision, OWCP shall issue a final decision on plaintiff's claim.

6. Upon remand, the OWCP's decision on plaintiff's claim shall be guided and controlled by the rulings of this Court in its March 14, 2007 Order, as well as by other applicable provisions of law.

7. The Court shall retain jurisdiction over plaintiff's claim during these remand proceedings. Plaintiff may seek judicial review of OWCP's final decision, under paragraph 5 by

filing an appropriate motion for judicial review in this civil action.

8. The Court may modify the remand schedule set forth above, but only upon a showing of good cause.

9. In the event that plaintiff ultimately prevails on his claims in this action, either in the remand to OWCP or upon judicial review of an unfavorable decision by OWCP, plaintiff shall be considered a "prevailing party" for purposes of any petition for award of attorney fees, costs and expenses and shall have the right to file such a petition in this Court. Nothing herein shall constitute a determination that plaintiff, if he prevails on his claim, is otherwise entitled to attorney fees, costs and expenses.

SO ORDERED:    _____    Date: 4/26/07
                JAMES ROBERTSON
                UNITED STATES DISTRICT JUDGE